# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **WILLIAM DUNLEVY,** | : |
| | :     Civil Action No. _____ |
| **Plaintiff,** | : |
| vs. | : |
| **UNITED AIRLINES, INC.** | : |
| **Defendant.** | : |

## DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant United Airlines, Inc. ("United") hereby gives notice of removal of this action, captioned *William Dunlevy v. United Airlines, Inc.*, bearing Civil Action Number 2584CV02746, from the Suffolk County Superior Court in the Commonwealth of Massachusetts, to the United States District Court District of Massachusetts. Diversity of citizenship is complete, and the amount controversy exceeds $75,000. Pursuant to 28 U.S.C. §1446(a), the grounds for removal are as follows:

## STATE COURT ACTION

1. Plaintiff William Dunlevy ("Plaintiff") filed his Original Complaint in the Suffolk County Superior Court in the Commonwealth of Massachusetts ("State Court Action").

2. United was served with the Original Complaint in the State Court Action through its registered agent on February 9, 2026. *See* **EXHIBIT 1**, Notification of Service.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all other pleadings and orders from the State Court Action are attached hereto. *See* **EXHIBIT 2**, Plaintiff's Original Complaint and **EXHIBIT 3**, United's Original Answer and Jury Demand.

4. Plaintiff alleges that, on August 23, 2023, Plaintiff was traveling on a United flight from Denver, Colorado to Boston, Massachusetts. Plaintiff alleges that during the boarding process, a United employee opened a cargo crate or overhead luggage bin, and a bag or other object fell and struck Plaintiff on the head. Plaintiff further alleges that the United employee did not render assistance upon landing. As a result, Plaintiff claims that he suffered a head injury, pain, emotional distress, and other personal injuries. *See* **EXHIBIT 2**, ¶¶ 12–16. Plaintiff alleges claims for negligence and breach of duty of care as a common carrier. *See id.*, ¶¶ 19-27.

5. United filed an Answer to Plaintiff's Complaint on March 2, 2026. *See* **EXHIBIT 3.**

## **VENUE AND JURISDICTION**

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 101, 1391, 1441(a), and 1446(a) because the Suffolk County Superior Court in the Commonwealth of Massachusetts, where the Original Complaint was filed is a state court within the District of Massachusetts.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and United; (2) based upon the allegations in the Plaintiff's Original Complaint, namely that the amount in controversy allegedly exceeds $75,000.00, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

I. **Diversity Jurisdiction**

8. There is complete diversity of citizenship here because Plaintiff is a Massachusetts citizen and United is a citizen of a state other than Massachusetts.

9. Plaintiff is a citizen of Massachusetts. *See* **EXHIBIT 2**, ¶ 1.

10. United is a Delaware corporation with its principal place of business in Chicago, Illinois.

## II. Amount in Controversy

11. Where removal is predicated upon diversity jurisdiction conferred by 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2).

12. Plaintiff expressly pleads that the amount in controversy exceeds $50,000.00 *See* **EXHIBIT 2**, ¶ 4.

13. Plaintiff lists over $22,000.00 in damages, with several categories listed as "TBD". *See* **EXHIBIT 2**.

14. On July 1, 2024, Plaintiff sent a Demand Letter to United (the "Letter"). The Letter sets forth a comprehensive calculation of the claimed damages, which substantially exceed $75,000.00.

15. Courts often address the use of settlement demand letters in removal determinations, finding that detailed calculations carry significant weight in the removal analysis. *See Central Iowa Agri-Systems v. Old Heritage Advertising & Publishers, Inc.*, 727 F. Supp. 1304, 1305-06 (S.D. Iowa 1989) (stating that a pre-suit demand letter may be considered an "other paper" from which defendants can determine the amount in controversy under 28 U.S.C. § 1446(b)); *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1324 (N.D. Okla. 2003); *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1254-1255 (S.D. Fla. 2015) (holding that detailed pre-suit demand letter established amount in controversy required for court's jurisdiction).

## III. All Procedural Requirements for Removal are Satisfied

16. <u>Timeliness</u>: United was served with Plaintiff's Original Petition on February 9, 2026. *See* **EXHIBIT 1**. The Notice of Removal is being filed within thirty (30) days after United

received Plaintiff's Original Complaint in the State Court Action and therefore is timely filed. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

17. Copies of Process / Pleadings: In accordance with 28 U.S.C. § 1446(a), the State Court Docket Sheet is attached hereto as **EXHIBIT 4.** A list of all counsel of record is attached hereto as **EXHIBIT 5**.

18. Notification to State Court and Adverse Parties: Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served on all counsel of record and filed with the clerk of the Suffolk County Superior Court in the Commonwealth of Massachusetts.

19. Certified Copies: Pursuant to Local Rule 81.1, certified or attested-to copies of all records and proceedings, as well as all docket entries in the State Court Action, will be filed with this Court.

20. Reservation of Rights: By filing this Notice of Removal, United does not waive any defenses and/or objections and specifically reserves the right to assert any and all defenses and/or objections to which it may be entitled.

21. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant United Airlines, Inc. hereby removes this action from the Suffolk County Superior Court in the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **BLANK ROME LLP** |
|  | */s/ Thomas Reith* |
|  | Thomas Reith, Esquire (MA Bar 648671) |
|  | 125 High Street |
|  | 3rd Floor |
|  | Boston, MA 02110 |
|  | thomas.reith@blankrome.com |
| Dated:   March 9, 2026 |  |
|  | *Attorney for United Airlines, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March 2026, a true and exact copy of the foregoing Notice of Removal was served via email.

                                                 */s/ Thomas Reith*

                                                 Thomas Reith